# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CRIMINAL MINUTES - GENERAL

SEND

| Case No. | **CR 06-00530(A)  SJO** | Date | August 21, 2007 |
|---|---|---|---|

Present: The Honorable   S. James Otero

Interpreter   Not Required

| Victor Paul Cruz | Margarita Lopez | Bruce H. Searby |
|---|---|---|
| *Deputy Clerk* | *Court Reporter/Recorder, Tape No.* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant(s): | Present | Cust. | Bond | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| **Greg Wong** | xx | | xx | Winston K. McKesson | xx | | xx |

Proceedings:    **CHANGE OF PLEA RE COUNT ONE OF THE FIRST SUPERSEDING INDICTMENT**

**Matter called.**

**Defendant acknowledges he requests to withdraw his previous plea of not guilty and enter a guilty plea to count one of the First Superseding Indictment.**

**Defendant is placed under oath.**

**Court advises the defendant that he has been placed under oath, and that if he answers his questions falsely that he could be later prosecuted for perjury, or for making a false statement.  Court also advises the defendant that he has the right to remain silent but that by entering a guilty plea he will be incriminating himself.  Defendant indicates that he has discussed the right against self-incrimination with his counsel, and that he freely and voluntarily waives theses rights.   Counsel concurs in the waiver.**

**Defendant states his true name as Greg Wong.**

**Defendant indicates that he has not been treated for any mental illness or addiction to narcotics. Defendant indicates that he has not taken any alcohol within the last 72 hours.  Defendant advises the Court that he has taken medication for high blood pressure.  Defendant does not suffer from any mental or physical condition that could affect his plea.  Counsel concurs that defendant is competent and in full possession of his faculties to enter a guilty plea at this time.  The Court finds that the defendant is in full possession of his faculties.**

**The Court advises the defendant of certain constitutional rights: the right to a speedy and public trial; the right to be tried by a jury, alternatively, the right to waive a jury trial and be tried by the court.  In either case the right to persist in a not guilty plea and have the right to have the government prove him guilty beyond a reasonable doubt; the right to be represented by an attorney throughout the proceedings. And, if he cannot afford an attorney, that one will be appointed free of charge; the right to confront and cross-examine all witnesses called to testify against him; the right to present witnesses and evidence on**

his behalf, and to have witnesses subpoenaed to testify; right against self incrimination (right to remain silent). However, by entering a plea of guilty that he will be waiving this right because he would be in fact incriminating himself; the right to testify on his own behalf, but not be compelled to testify or to incriminate himself. Defendant acknowledges that he has discussed these rights with his counsel and that he freely, voluntarily and expressly waives these rights. Counsel joins in the waivers.

Government counsel places elements of charges on the record and advises the defendant of the mandatory minimum and the statutory maximum sentence. The defendant is also advised that if he is given a term of imprisonment that afterwards he will be subject to supervised release and that if he violates the terms and conditions of supervised release that he can be given additional time in prison. Defendant acknowledges he understands the elements of the offense, the penalties that could be imposed, and the provisions of supervised release, and that he has discussed these issues with his counsel.

The Court advises the defendant that the Court will consider the sentencing guidelines and that the guidelines are not mandatory but advisory only. Defendant acknowledges that he has reviewed the guidelines with his counsel. The Court retains discretion in sentencing.

Defendant acknowledges that he signed the plea agreement. Defendant acknowledges that he has reviewed the plea agreement with his counsel. The Court reviews certain portions of the plea agreement. Defendant acknowledges that the alleged fact in exhibit A are true. The defendant acknowledges that pursuant to the plea agreement that he will have to make full restitution to the victim. The Court and counsel confer in regards to the amount of initial restitution that the defendant will be able to pay at the time of sentencing. The Court advises the defendant that the Court will take this into consideration at the time of sentencing. The Court reviews sentencing factors and the sentencing guideline range. The Court reviews the limited mutual waiver of appeal and collateral attack. The Court advises the defendant that the plea agreement is not binding on the Court.

The Court advises the defendant of collateral consequences of his immigration status by entering a plea of guilty. Defendant acknowledges that he understands the consequences.

Defendant indicates that no promises have been made in exchange for a plea of guilty or that no one has made any threat, or used force against him or his family to enter guilty plea. Defendant enters plea freely and voluntarily.

Government counsel places evidence of facts and the offer of proof of this case on the record. Defendant acknowledges facts to be true and correct.

Court advises the defendant of the loss of certain civil rights with the entry of a guilty plea.

Defendant's counsel indicates that he has reviewed all the discovery that has been provided by the government, and that he has reviewed the facts of the case and the discovery with the defendant. That he has explored any possible defense with his client and that he believes there is a factual basis for the plea, and that it is in his client's best interests to enter a guilty plea.

Defendant enters a plea of guilty to count one of the First Superseding Indictment. The Court

incorporates plea agreement with plea.

The Court questioned the defendant regarding his plea of Guilty and finds it knowledgeable and voluntary and orders the plea accepted and entered.

The Court refers the defendant to the Probation Office for investigation and report and continues the matter to November 19, 2007 @ 8:30 a.m. for sentencing.

Position papers shall be filed by November 5, 2007 If the parties' respective position papers are not filed on or before this date it shall be deemed waived by the Court.

The Court vacates the trial date as to this defendant.

| | : | 0/39 |
|---|---|---|
| Initials of Deputy Clerk | | vpc |

cc:  US Probation Office
     Pretrial Service